The STATE of Ohio, Appellee,

v.

PRIMOUS, Appellant.

[Cite as *State v. Primous,* 164 Ohio App.3d 26, 2005-Ohio-5586.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 2004–CA–121.

Decided Oct. 21, 2005.

Betsy A. Boyer, Assistant Fairborn County Prosecuting Attorney, for appellee.

Scott M. Calaway, for appellant.

———

YOUNG, Judge.

{¶ 1} Louis Primous faced two charges in the Fairborn Municipal Court: passing bad checks, a violation of R.C. 2913.11, and criminal simulation, a violation of R.C. 2913.32. Both charges were based on a single personal check that Primous had passed to a retail store.

{¶ 2} He appeared in the Fairborn Municipal Court without counsel and before only the judge, a court reporter, the court bailiff, and some witnesses in the gallery. The prosecution did not make an appearance at all. He pleaded guilty to the bad-check charge and no contest to the criminal-simulation charge and brings to this court the following two assignments of error:

{¶ 3} "1. The trial court erred in finding defendant guilty of criminal simulation upon defendant's no-contest plea as it failed to provide any explanation of the offense nor did it admit any evidence to support the conviction.

{¶ 4} "2. The trial court committed error in finding defendant guilty of criminal simulation because of insufficient evidence and that it was against the manifest weight of the evidence."

{¶ 5} The obscure crime of criminal simulation is set forth as follows:

{¶ 6} "2913.32 Criminal simulation.

{¶ 7} "(A) No person, with purpose to defraud, or knowing that he is facilitating a fraud, shall do any of the following:

{¶ 8} "(1) Make or alter any object so that it appears to have value because of antiquity, rarity, curiosity, source, or authorship, which it does not in fact possess;

{¶ 9} "(2) Practice deception in making, retouching, editing, or reproducing any photograph, movie film, video tape, phonograph record, or recording tape;

{¶ 10} "(3) Utter, or possess with purpose to utter, any object which he knows to have been simulated as provided in division (A)(1) or (2) of this section.

{¶ 11} "(B) Whoever violates this section is guilty of criminal simulation, a felony of the fourth degree."

{¶ 12} "The Committee Comment states:

{¶ 13} "This section is designed to prohibit forgery where the subject of the offense is not a writing but an object. Among other things, the section prohibits the increasingly common practices of simulating antique furniture, or of counterfeiting phonograph records.

{¶ 14} "Criminal simulation is a felony of the fourth degree."

{¶ 15} The first assignment of error is based upon the argument, made by counsel for Primous and apparently accepted without counterargument by the prosecution, that criminal simulation is a minor misdemeanor, and a finding of guilty can be based upon a minor misdemeanor after a no-contest plea only if there has been a proper "explanation of circumstances" before the finding of guilty. R.C. 2937.07. However, it is stated in the statute and the committee comment, as quoted above, that criminal simulation is a felony of the fourth degree, and therefore R.C. 2937.07 has no application. The first assignment of error therefore must be, and is, hereby overruled.

{¶ 16} The second assignment of error is based upon the argument that passing a bad check does not fit under the ambit of criminal simulation. The committee comment, as quoted above, makes it quite clear that the section applies to forging objects, such as forging antiques or phonograph records, and not a writing. Primous should never have been charged with criminal simulation and his sentence of 180 days' incarceration to be served consecutively to the bad-check charge, also given a sentence of 180 days' incarceration, should not have been imposed. We therefore hereby reverse the judgment of the trial court on criminal simulation and discharge the defendant from the penalty for that charge.

Judgment accordingly.

GRADY and DONOVAN, JJ., concur.

FREDERICK N. YOUNG, J., retired, of the Second Appellate District, sitting by assignment.